**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RODNEY J. HORNE,

    *Plaintiff*,

v.

A&M MEDICAL SERVICES, LLC,

    *Defendant*.

Civil Action No. 17-3423

**OPINION**

Plaintiff seeks to bring this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. D.E. 1. For the reasons discussed below, the Court **GRANTS** Plaintiff's application to proceed *in forma pauperis* and **DISMISSES** the complaint without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B), for failing to state a claim upon which relief can be granted.

Under Section 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Plaintiff sufficiently establishes his inability to pay, and the Court grants his application to proceed *in forma pauperis* without prepayment of fees and costs.

When allowing a plaintiff to proceed *in forma pauperis*, the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2). When considering dismissal under Section 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6).

*Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Plaintiff is proceeding *pro se*, the Court construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "The Court need not, however, credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOM RDEC*, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010).

Plaintiff claims he was wrongfully terminated by his employer, A&M Medical Services, LLC. On January 27, 2017, Plaintiff alleges that he received a phone call from Richard Walker, an A&M dispatcher, who asked him to pick up a client. D.E. 1 at 4. Plaintiff states that he completed the pick-up and asked for no additional assignments that day because he had a personal obligation after work. *Id.* Plaintiff claims that he did not receive instructions to pick up any other clients that day. *Id.* On January 29, 2017, Plaintiff received a phone call from the owner of A&M, who informed Plaintiff that he had been taken off the schedule at A&M. *Id.* The owner said that Mr. Walker informed him that Mr. Horne refused to pick up a client on Friday, January 27, 2017. *Id.* Mr. Horne asked if he was being fired so that he could file for unemployment, and he claims that the owner responded "to do what [Plaintiff] had to do." *Id.*

Plaintiff claims he was wrongfully discharged in violation of federal law but does not identify any federal statutes under which he brings his claim. Consequently, the Court will determine if Plaintiff states a claim under Title VII of the 1964 Civil Rights Act ("Title VII"), the

2

Americans with Disabilities Act ("ADA"), or the Age Discrimination in Employment Act ("ADEA"). Based on the limited facts provided by Plaintiff, these federal statutes *may* conceivably provide Plaintiff with an avenue for relief.

To state a claim under Title VII, a plaintiff must show that: (1) he belongs to a protected class under Title VII; (2) he was qualified for his position; (3) he suffered an adverse employment action like being discharged; and (4) that after the adverse employment action, the employer sought a replacement candidate with similar qualifications as the claimant. *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506 (1993); *Nguyen v. McDonald's*, No. 12–02795, 2013 WL 6528775, at *3 (D.N.J. Dec. 9, 2013). Even viewing the complaint liberally, Plaintiff does not establish a Title VII claim. He fails to set forth plausible allegations to support such a claim. For example, Plaintiff does not plead that he is a member of a protected class. Therefore, Plaintiff fails to state a Title VII claim.

The ADA prohibits employers from discriminating against a qualified individual on the basis of disability. 42 U.S.C. § 12112(a). To establish a prima facie case under the ADA, an individual must show that: "(1) he is a disabled person within the meaning of the ADA; (2) he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) he has suffered an otherwise adverse employment decision as a result of discrimination." *Woloshin v. Rutgers Univ.*, No. 15-2588, 2016 WL 5660460, at *3 (D.N.J. Sep. 28, 2016) (quoting *Williams v. Phila. Hous. Auth. Police Dep't*, 380 F.3d 751, 761 (3d Cir. 2004)). The disability must have motivated the employer's decision. *Id.*

(quoting *Raytheon Co. v. Hernandez*, 540 U.S. 44, 52 (2003)). Because Plaintiff does not assert that he is disabled, among other things, he fails to state a claim under the ADA.[1]

The ADEA makes it unlawful for an employer to discharge an employee due to the individual's age. 29 U.S.C. § 623. The elements of a prima facie ADEA case are similar to the Title VII and ADA elements. As such, a plaintiff must establish that: (1) he was over forty years old; (2) was qualified for the position; (3) suffered an adverse employment action; and (4) was replaced by a person sufficiently younger to permit an inference of age discrimination. *Monaco v. Am. Gen. Assur. Co.*, 359 F.3d 296, 300 (3d Cir. 2001) (quoting *Duffy v. Paper Magic Grp., Inc.*, 265 F.3d 163, 167 (3d Cir. 2001)). In this instance, Plaintiff has not alleged that he is over forty years old or that he was replaced by a younger employee. Therefore, Plaintiff fails to plausibly plead a claim under the ADEA.[2] Because Plaintiff fails to assert any viable federal cause

---

[1] A plaintiff must comply with the procedural requirements set forth in Title VII before bringing employment discrimination claims under the ADA or Title VII. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (applying Title VII procedural requirements to ADA discrimination claim). Title VII, and therefore the ADA, require a complainant to file a "charge" and receive a "right to sue" letter from the Equal Employment Opportunity Commission ("EEOC") before filing suit in the district court. *Burgh v. Borough Council of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001). If a plaintiff brings suit under Title VII or the ADA before receiving a "right to sue letter," the matter may be dismissed pursuant to Rule 12(b)(6) for failure to exhaust administrative remedies. *See, e.g., Robinson v. Univ. of Med. & Dentistry of N.J.*, No. 06-1158, 2006 WL 3371748, at *2 (D.N.J. Nov. 17, 2006) (granting motion to dismiss ADA claims where plaintiff admitted that she did not file an EEOC charge or receive a right to sue letter). Here, Plaintiff has not attached any documentation suggesting that he filed a charge with the EEOC with regard to the claims in his Complaint. As a result, Plaintiff's Title VII and ADA claims are also dismissed for failure to exhaust administrative remedies. If Plaintiff chooses to file an amended complaint he must provide the Court with a copy of a right to sue letter from the EEOC if he is proceeding pursuant to either the ADA or Title VII.

[2] A plaintiff need not receive a right to sue letter to assert a claim under the ADEA. *Covington v. URS Corp.*, No. 11-4516, 2013 WL 2181282, at *2 (D.N.J. May 20, 2013) (citing 29 U.S.C. § 626(d)). However, "[a] complainant must file a Charge of Discrimination with the EEOC within 180 days after the alleged unlawful act of discrimination occurred . . . [and] must wait at least 60 days [after filing] before commencing a federal suit under the ADEA." *Id.* Because Plaintiff's complaint does not state that he filed a charge with the EEOC, Plaintiff may not proceed with an

4

of action, his complaint is dismissed pursuant to Section 1915(e)(2)(B)(ii) for failure to state a claim.

When dismissing a case brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice, which affords a plaintiff with leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002). The district court may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment would be futile. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). At this point, the Court cannot conclude that Plaintiff's claims are futile. Therefore, the Court shall provide Plaintiff thirty (30) days to file an amended complaint that cures the deficiencies set forth herein. If Plaintiff is proceeding pursuant to a legal theory other than those discussed herein, he must set forth the basis for his claim and provide plausible allegations to support it. If Plaintiff does not submit an amended complaint curing these deficiencies within thirty days, the dismissal will then be with prejudice. A dismissal with prejudice means that Plaintiff will be precluded from filing any future suit against Defendant concerning the allegations in the complaint.

---

ADEA claim. Again, if Plaintiff intends to file an amended complaint and assert an ADEA claim, he must address this requirement.

In conclusion, for the foregoing reasons, Plaintiff's complaint is dismissed. Plaintiff, however, is afforded with thirty (30) days to filed an amended complaint as to his wrongful termination claims. Failure to file an amended complaint within this time will result in the entire case being dismissed with prejudice. Moreover, if Plaintiff does not plead a plausible claim in his next amended complaint, this action will be dismissed with prejudice. An appropriate Order accompanies this Opinion.

Dated: June 19, 2017

JOHN MICHAEL VAZQUEZ, U.S.D.J.